**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DONGGUAN SAIEN CHUANGKE TECHNOLOGY CO. LTD., and ZURU INC.<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN HUAMINGJUN RUBBER CO. LTD., and INTERNET STORES 1-45 Identified in Schedule A,<br><br>Defendants. | Civil Action No. 1:24-cv-08111 |

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

The Plaintiffs Dongguan Saien Chuangke Technology Co. Ltd. ("DSCT") and Zuru Inc. ("Zuru") and Defendants Shenzhen Huamingjun Rubber Co. Ltd. ("SHR"), and Internet Stores 1-7, 9, 13-28, 34, 38, and 41-43 (the "Internet Stores"), having agreed to the entry of this consent judgment and permanent injunction, the parties stipulate as follows:

Defendants SHR and Internet Stores concede and stipulate to the following:

- United States Patent Nos. D1,030,929 and D1,034,861 (the "Asserted Patents") are valid and enforceable.
- Defendants SHR and Internet Stores are liable for infringement of each of United States Patent Nos. D1,030,929 and D1,034,861. Specifically, that all past and present versions of magnetic reusable water balloon products, and any colorable imitation thereof, manufactured, used, sold, offered for sale, and/or imported by Defendants (the "Reusable Balloon Products") infringe at least one claim of the Asserted Patents.

- The continued manufacture, use, sale, offer for sale, and/or importation of Reusable Balloon Products that infringe the Asserted Patents causes ongoing, irreparable injury to Plaintiffs, including loss of market share, price erosion, damage to brand reputation, and loss of goodwill, none of which can be fully quantified or remedied through monetary relief alone.
- The nature of the harm to Plaintiffs—including the dilution of their exclusive patent rights, the difficulty of quantifying lost sales to third-party infringers enabled by Defendants' conduct, and the ongoing erosion of Plaintiffs' competitive position in the reusable balloon market—renders legal remedies insufficient.
- Plaintiffs' interest in enforcing their valid and infringed patent rights outweighs any hardship to Defendants from being enjoined, particularly in light of (i) the validity, enforceability, and infringement of the Asserted Patents, which Defendants admit; and (ii) the harm to Plaintiffs noted above.
- The public interest favors the enforcement of valid patent rights, the protection of intellectual property, and the deterrence of infringement. Defendants further concede that the Reusable Balloon Products are consumer goods for which adequate non-infringing substitutes are available, and that no public health, safety, or welfare concern would be adversely affected by enjoining Defendants' infringing conduct.

Defendant Internet Stores further concede and stipulate to the following:

- United States Trademark Registration, Fed. Reg. No. 6,850,955, for the mark SOPPYCID (the "Asserted Trademark") is valid and enforceable.
- Internet Stores are liable for infringement of United States Trademark Registration, Fed. Reg. No. 6,850,955, for the mark SOPPYCID.

- Plaintiffs have suffered and will continue to suffer irreparable harm absent entry of a permanent injunction. Internet Stores acknowledge that the continued use in commerce of any reproduction, counterfeit, copy, or colorable imitation of DSCT's SOPPYCID mark including the term SOPPYCID or any confusingly similar word or mark in connection with the sale, offering for sale, or distribution, or advertising of Reusable Balloon Products in the United States causes ongoing, irreparable injury to Plaintiffs, including but not limited to loss of market share, price erosion, damage to brand reputation, and loss of goodwill, none of which can be fully quantified or remedied through monetary relief alone.
- Remedies available at law, including monetary damages, are inadequate to compensate Plaintiffs for the injuries caused by Internet Stores' infringement of the Asserted Trademark. Internet Stores acknowledge that the nature of the harm to Plaintiffs—including the dilution of their exclusive trademark rights, the difficulty of quantifying lost sales to third-party infringers enabled by Internet Stores' conduct, and the ongoing erosion of Plaintiffs' competitive position in the reusable balloon market—renders legal remedies insufficient.
- The balance of hardships weighs in favor of Plaintiffs and supports entry of a permanent injunction. Internet Stores acknowledge that Plaintiffs' interest in enforcing their valid and infringed trademark rights outweighs any hardship to Internet Stores from being enjoined, particularly in light of (i) the validity, enforceability, and infringement of the Asserted Trademark, which Internet Stores admit; and (ii) the harm to Plaintiffs noted above.
- The public interest would not be disserved by entry of a permanent injunction. Internet Stores acknowledge that the public interest favors the enforcement of

valid trademark rights, the protection of intellectual property, and the deterrence of infringement. Internet Stores further acknowledge that the Reusable Balloon Products are consumer goods for which enforcement of trademark rights would promote the public interest by preventing consumer confusion.

In view of the facts of this case and Defendants' concessions and stipulations, this Court FINDS:

This Court has jurisdiction over the subject matter of this action and personal jurisdiction over both the Plaintiffs DSCT and Zuru and Defendants SHR and Internet Stores.

This Court finds that Plaintiffs have suffered and will continue to suffer irreparable harm absent entry of a permanent injunction.

This Court finds that remedies available at law, including monetary damages, are inadequate to compensate Plaintiffs for the injuries caused by Defendants' infringement of the Asserted Patents and Asserted Trademark.

The Court finds that the balance of hardships weighs in favor of Plaintiffs and supports entry of a permanent injunction.

This Court finds that the public interest would not be disserved by entry of a permanent injunction.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Judgment is hereby entered in favor of Plaintiffs DSCT and Zuru and against Defendants SHR and Internet Stores on Plaintiffs' claims of infringement of United States Patent Nos. D1,030,929 and D1,034,861.

2. Judgment is hereby entered in favor of Plaintiffs DSCT and Zuru and against Defendant Internet Stores on Plaintiffs' claims of infringement of DSCT's registered SOPPYCID trademark, and violation of Lanham Act §43(a).

3. Defendants SHR and Internet Stores, their Affiliates, successors, officers, directors, shareholders, members, managers, representatives, agents, employees, distributors, any internet sellers of Reusable Balloon Products controlled directly or indirectly by either SHR or Internet Stores, and any persons acting in active concert or participation with them who receive actual notice of this Consent Judgment are permanently enjoined and restrained from making, using, selling, and/or offering for sale in the United States, and/or importing into the United States Reusable Balloon Products, either directly or indirectly, that infringe United States Patent Nos. D1,030,929 and/or D1,034,861, namely those products that are colorable imitations of the designs claimed therein or have substantially the same overall design as the design claimed therein in any manner, or inducing, aiding, or abetting third parties to do the same.

4. Defendant Internet Stores, their Affiliates, successors, officers, directors, shareholders, members, managers, representatives, agents, employees, distributors, any internet sellers of Reusable Balloon Products controlled directly or indirectly by either SHR or Internet Stores, and any persons acting in active concert or participation with them who receive actual notice of this Consent Judgment, are permanently enjoined from using in commerce any reproduction, counterfeit, copy, or colorable imitation of DSCT's trademark SOPPYCID including the term SOPPYCID or any confusingly similar word or mark in connection with the sale, offering for sale, or distribution, or advertising of reusable water balloons, or inducing, aiding, or abetting third parties to do the same.

5. Each party is to bear its own costs and attorney fees.

6. The court retains jurisdiction to enforce this Order.

Entered this ______________ day of ________________ 2026.

______________________________

UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

Counsel for Plaintiffs

RIMON, P.C.

*/s/ Eric C. Cohen*

Eric C. Cohen
Telephone: (984) 960-2860
Neal Levin
(312) 224-0966
RIMON P.C.
875 N. Michigan Ave., Suite 3100
Chicago, IL 60611
eric.cohen@rimonlaw.com
neal.levin@rimonlaw.com

Jason Xu
1050 Connecticut Ave. NW, Suite 500
Washington, D.C. 20036
(202) 470-2141
jason.xu@rimonlaw.com

*Attorneys for Plaintiff, Dongguan Saien Chuangke Technology Co. Ltd.*

FINNEGAN LLP

*/s/ Daniel C. Cooley*

Daniel C. Cooley
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

Elizabeth D. Ferrill
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, D.C. 20001-4413
(202) 408-4000

*Counsel for Plaintiff, ZURU Inc.*

Counsel for Defendants

NI, WANG & MASSAND, PLLC

*/s/ Timothy T. Wang (w/permission)*______

Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore
Texas Bar No. 24076573
smoore@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 325-2220
Fax: (972) 314-0900

*Attorneys for Defendants Shenzhen Huamingjun Rubber Co. Ltd. ("SHR") and Internet Stores 1-7, 9, 13-28, 34, 38, and 41-43*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DONGGUAN SAIEN CHUANGKE TECHNOLOGY CO. LTD., and ZURU INC.<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN HUAMINGJUN RUBBER CO. LTD., and INTERNET STORES 1-45 Identified in Schedule A,<br><br>Defendants. | Civil Action No. 1:24-cv-08111 |

**JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT**
**AND PERMANENT INJUNCTION**

The Plaintiffs Dongguan Saien Chuangke Technology Co. Ltd. ("DSCT") and Zuru Inc. ("Zuru") and Defendants Shenzhen Huamingjun Rubber Co. Ltd. and Internet Stores 1-7, 9, 13-28, 34, 38, and 41-43, have agreed to the entry of the consent judgment and permanent injunction that is attached to this motion. Entry of the consent judgment and permanent injunction by this court is respectfully requested. And it is so ORDERED.

ENTERED this ______________ day of ________________ 2026.

______________________________

UNITED STATES DISTRICT JUDGE